NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1185

COMMONWEALTH

vs.

JENI PINELO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Superior Court, the defendant was convicted of rape of a child, aggravated by a more than ten-year age difference, in violation of G. L. c. 265, § 23A (b), and rape of a child by force, in violation of G. L. c. 265, § 22A. On appeal, the defendant contends that the judge erred in admitting the testimony of an investigating police officer and that such error calls for a reversal of his convictions and a new trial.  We affirm.

Background.  On February 10, 2019, a party was held to celebrate the victim's fifteenth birthday.  The defendant, his wife, and two young children were guests at the party and stayed overnight with the victim's family.  The next day, the victim

stayed home from school and spent the day in her mother's bedroom to do homework while her mother, stepfather, and the defendant's wife were all out of the house. The defendant entered the bedroom twice. The first time, the defendant talked to the victim about music and left at the victim's request so that she could continue to do homework. The second time, he proceeded to touch the victim's feet, legs, and her breasts over her shirt, all of which the victim explicitly objected to. The defendant then raped the victim, forcing his penis into her vagina. Before he left the room, the defendant told the victim not to tell anyone.

The victim went back to her bedroom and woke up her sister to tell her certain details about the rape. Neither the victim nor her sister told their mother about the rape. Several months later, while attending the wake of the victim's grandmother, the defendant told his cousin that he had kissed and touched the victim. The next day, the cousin told the victim's stepfather what the defendant had said, and the victim's stepfather then told the victim's mother. After the victim's mother spoke to the victim, she brought her to the police station.

The victim and her mother met with Watertown police officer Miguel Colon, who subsequently opened an investigation. At trial, Officer Colon testified that he initially met with the victim and her mother at the police station and only spoke with

2

the victim's mother.  He also testified that during the investigation he provided Spanish interpretation for some of the witnesses including the victim's mother, stepfather, and one other witness.  Officer Colon testified to the defendant's date of birth and explained that his involvement in the investigation included accompanying another officer to take photographs of the victim's home.  Officer Colon's testimony contained no details about the investigation's findings or substantive information about the victim's allegations.

Discussion.  The defendant claims that Officer Colon's testimony was irrelevant and unfairly corroborated the first complaint testimony.[1]  The defendant did not object to the admission of the testimony, so we review for a substantial risk of a miscarriage of justice.  See Commonwealth v. Gaughan, 99 Mass. App. Ct. 74, 79 (2021).

---

[1] First complaint testimony relates a sexual assault victim's first disclosure regarding the assault.  See Commonwealth v. King, 445 Mass. 217, 218-219 (2005), cert. denied, 546 U.S. 1216 (2006).  See also Mass. G. Evid. § 413(a) (2023).  In addition to the victim, only one other witness may testify to the victim's first complaint of the sexual assault. See King, supra at 219.  Unless a law enforcement officer is the first complaint witness, an officer will not ordinarily testify to the complaint.  Id. at 243.  An officer's testimony may, however, include or imply a victim's complaint of sexual assault if it serves some purpose other than to corroborate the victim's testimony and its probative value outweighs its prejudicial effect.  See Commonwealth v. Dargon, 457 Mass. 387, 399-400 (2010).  See also Mass. G. Evid. § 413(b) (2023).

At oral argument, the defendant conceded that Officer Colon's testimony regarding the defendant's date of birth was relevant to the charge of rape of a child aggravated by age difference, as the Commonwealth was required to establish more than a ten-year age difference between the defendant and the victim.  G. L. c. 265, § 23A (b).  As to the remainder of Officer Colon's testimony, we note that it offered little in the way of corroboration of the victim's complaint.  On direct examination, Officer Colon testified only to the names of the individuals that he interviewed and did not provide any details about the substance of those interviews.  He also explained that the reason he assisted with the interviews is because he spoke Spanish.  In fact, Officer Colon testified that he spoke with only the victim's mother and did not speak with the victim at the police station.

We are not persuaded by the defendant's argument that Officer Colon's testimony was like the collateral testimony presented in Commonwealth v. Stuckich, 450 Mass. 449, 457 (2008), where the witness testimony was improper because it vouched for the victim's credibility and conveyed multiple reports that the victim had reported the abuse to several people.  Here, unlike the testimony in Stuckich, supra, Officer Colon's testimony served to explain to the jury the general course of the investigation and forestall a Bowden defense.  See

4

Commonwealth v. Bowden, 379 Mass. 472, 485-486 (1980) (failure of authorities to collect evidence -- here, statements from others with knowledge of case -- is permissible ground on which to build defense).  Particularly where the main thrust of the defense was that the victim's mother encouraged her to fabricate allegations for her mother's personal gain, testimony that investigators spoke with others involved in the case served a valid purpose.

Moreover, the purpose of limiting the Commonwealth to a single first complaint is not to hide the fact that the victim ever spoke of the assault again or that the police were contacted.  Rather, it is to minimize the risk of unfair bolstering of the victim's testimony and of prejudice to the defendant by avoiding repetition of the details of the assault. See King, 445 Mass. at 243.  As discussed above, Officer Colon's testimony did not explicitly or implicitly vouch for the victim's credibility or disclose any details of the assault. See Commonwealth v. McCoy, 456 Mass. 838, 851-852 (2010) (no prejudice from cumulative first complaint testimony where witness expressed no belief in victim's claims or disclosed details of allegations).  In fact, in Commonwealth v. Arana, 453 Mass. 214, 226 (2009), the Supreme Judicial Court clarified that the holding in Stuckich was not intended to imply that the testimony of a police officer "concerning the circumstances

5

giving rise to the police involvement in a sexual assault case will never be admissible as part of the Commonwealth's case-in-chief."  In short, there was no violation of the first complaint rule and no substantial risk of miscarriage of justice.

<u>Judgments affirmed</u>.

By the Court (Grant, Walsh & Brennan, JJ.[2]),

Clerk

Entered:  May 21, 2026.

---

[2] The panelists are listed in order of seniority.